UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-24819-COOKE
MAGISTRATE JUDGE P.A. WHITE

JOHN O. KALU,

    Plaintiff,

v.                                    REPORT OF MAGISTRATE
                                  JUDGE

DENNIS LOVE, et al.,

    Defendants.
_____/

## I.  INTRODUCTION

Plaintiff has filed a *pro se* complaint under 42 U.S.C. §
1983. This case has been referred to the undersigned for
consideration and report. DE#2. Pursuantly, the undersigned has
screened the complaint. As discussed below, the complaint should
be DISMISSED.

## II.  FACTUAL ALLEGATIONS

Plaintiff is a federal inmate housed in California and a
former resident of Miami-Dade County. DE#1 at 2. Plaintiff has
sued several North Miami Beach police officers. Id.

Plaintiff alleges that, on August 10, 2006, defendants
entered his residence without probable cause, a search warrant,
or plaintiff's permission. Id. at 8-10. Plaintiff alleges that
defendants used excessive force in detaining, handcuffing, and
removing him from the apartment. Id. at 9-10. Further, he alleges
that defendants transported him to a jail, stripped him nude, and

held him in an unsanitary cell for an unspecified period of time.
Id. at 11. Later, he alleges that he was transported to Miami-
Dade County Circuit Court. Id. There, a prosecutor told him that
"as a result of the search [at his residence] Plaintiff was being
charged with possession of a stolen/fraudulent credit card." Id.

The prosecution allegedly had trouble locating the owner of
the credit card in question. Id. at 11-12. Therefore, the
prosecution requested, and received, several continuances. Id. at
11-13. Meanwhile, plaintiff's health allegedly began to
deteriorate. Id. at 13. "Because of pressure from his family, and
the benefit of advice from his attorney . . . that Plaintiff
would be able to walk out of the Court a free man, [plaintiff]
reluctantly agreed to sign a plea deal that he had possessed a
stolen or fraudulent credit card, and was sentenced to time
served." Id. However, plaintiff alleges that, on February 1,
2017, the state trial court "vacated [his] conviction for
possession of a fraudulent or stolen credit card." Id. at 14.

To support this assertion, plaintiff submits an order from
the state trial court. Id. at 37. Plaintiff submitted the same
order in a § 2255 action that the court dismissed as successive.
Case No. 18-Civ-21344-Moreno, DE##8, 10-11.[1] In that case, he
submitted the order to try to show that: (1) that state
conviction had been vacated; (2) that state conviction had been
used to calculate his guidelines range in a federal criminal

---

[1] The court takes judicial notice of these records. See Fed. R. Evid.
201(b)-(c); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A
court may take judicial notice of its own records . . . ." (citation omitted)).
The court may do so on screening under 28 U.S.C. § 1915A. Compare Tellabs, Inc.
v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007), with Mitchell v.
Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), and Banks v. Cnty. of Allegheny,
568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

2

case; (3) he was entitled to be resentenced in the federal
criminal case because, after the vacatur of that state
conviction, he would receive a lower guidelines range. Case No.
18-Civ-21344-Moreno, DE#8 at 4.

Regarding that state conviction, the undersigned made the
following findings:

> [Petitioner] filed [in state court] [a] motion to
> correct illegal sentence on October 19, 2015.
> [Citation.] Therein, he argued that his September 14,
> 2010 judgment of conviction for Fla. Stat. § 817.568(2)
> was illegal. [Citation.] He contended that, at the
> October 9, 2009 sentencing hearing, he did not plead
> guilty to third-degree felony "Identity Theft" under
> Fla. Stat. § 817.568(2). [Citation.] Rather, he
> contended that he pleaded guilty to "Possession of Fake
> Identification," which he further contended was only a
> misdemeanor. [Citation.]

Case No. 18-Civ-21344-Moreno, DE#8 at 4-5.

Therefore, judicial records, which include plaintiff's own
judicial filings, contradict plaintiff's allegation that the
trial court vacated his conviction for, in his words, "possession
of a fraudulent or stolen credit card." Rather, judicial records
indicate that, even though the trial court apparently vacated his
felony conviction for identity theft, plaintiff still pleaded
guilty to and was convicted of misdemeanor "possession of fake
identification." Indeed, plaintiff contended in those filings
that he pleaded guilty on October 9, 2009, which corresponds to

3

the timeline that he provided in the instant complaint regarding his guilty plea. <u>See</u> DE#1 at 13, ¶ 21.

While plaintiff's complaint is no model of clarity, it is evident that he asserting § 1983 claims for false arrest, excessive force, failure to intervene, and deliberate indifference. <u>See generally</u> <u>id.</u> at 15-27. Furthermore, liberally construing the complaint, plaintiff appears to assert a § 1983 claim for malicious prosecution. <u>See</u> <u>id.</u> at 13-14.

## III.  <u>STANDARD OF REVIEW</u>

Because plaintiff is a prisoner who has filed a complaint against the employees of a governmental entity, the court "[is] required to screen his complaint under § 1915A." <u>Thompson v. Hicks</u>, 213 F. App'x 939, 942 (11th Cir. 2007) (per curiam).

"Under § 1915A, the district court is required to . . . dismiss the complaint if it (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted or (2) seeks monetary relief from an immune defendant." <u>Id.</u> The same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and dismissal for failure to state a claim under § 1915A. <u>Compare</u> <u>Mitchell</u>, 112 F.3d at 1490, <u>with</u> <u>Leal v. Ga. Dep't of Corr.</u>, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Thus, the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v.</u>

4

Iqbal, 556 U.S. 662, 678 (2009) (emphasis added).

## IV. **DISCUSSION**

### A. **Malicious Prosecution**

"To establish a federal malicious prosecution claim under §
1983, a plaintiff must prove (1) the elements of the common law
tort of malicious prosecution, and (2) a violation of her Fourth
Amendment right to be free from unreasonable seizures." Kingsland
v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004) (citation
omitted). "Under Florida law, a plaintiff must establish each of
six elements to support a claim of malicious prosecution: (1) an
original judicial proceeding against the present plaintiff was
commenced or continued; (2) the present defendant was the legal
cause of the original proceeding; (3) the termination of the
original proceeding constituted a bona fide termination of that
proceeding in favor of the present plaintiff; (4) there was an
absence of probable cause for the original proceeding; (5) there
was malice on the part of the present defendant; and (6)
the plaintiff suffered damages as a result of the original
proceeding." Id. (citation omitted).

Here, judicial records, which include plaintiff's own
judicial filings, belie the notion that the state prosecution in
question was terminated in his favor. And because, by his own
admission, plaintiff pleaded guilty to "possession of fake
identification," he cannot show that probable cause did not
support the subject prosecution. Accordingly, his putative

5

malicious prosecution claim is frivolous.[2]

## B. **Remaining Claims**

Plaintiff also asserts claims for false arrest, excessive force, failure to intervene, and deliberate indifference. These claims are time-barred.

Where, as here, "Florida is the forum state, § 1983 plaintiffs have four years to file suit." Moore v. Fed. Bureau of Prisons, 553 F. App'x 888, 890 (11th Cir. 2014) (per curiam) (citations omitted). But the conduct underlying these claims occurred on or around August 10, 2006. The false arrest claim is no exception. See Wallace v. Kato, 549 U.S. 384, 397 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). Thus, these claims should be dismissed. See Burlison v. Angus, 737 F. App'x 523, 524 (11th Cir. 2018) (per curiam) ("A district court may dismiss a complaint for failure to state a claim based upon an affirmative defense when the defense is an obvious bar given the allegations, even if the defendant has not asserted the defense." (citation omitted)).[3]

---

[2] Plaintiff has not adequately alleged elements (2), (5), and (6) either.

[3] The undersigned did not read plaintiff's complaint to allege that defendants violated the Fourth Amendment by failing to return the property that they seized. See DE#1 at 11. However, this putative claim would also be untimely had plaintiff asserted it. See Holt v. Valls, 395 F. App'x 604, 605–06 (11th Cir. 2010) (per curiam).

6

## V. <u>CONCLUSION</u>

As discussed above, it is recommended that plaintiff's complaint be DISMISSED under § 1915A(b)(1). It is further recommended that the case be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. <u>See</u> 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 27th day of November, 2018.

_____

UNITED STATES MAGISTRATE JUDGE

John O. Kalu
84296-004
Taft
Correctional Institution
Inmate Mail/Parcels
Post Office Box 7001
Taft, CA 93268
PRO SE

7