UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 18-24819-Civ-COOKE/REID

JOHN O. KALU,

    Plaintiff,

vs.

DENNIS LOVE, *et al.*,

    Defendants.

_____/

**ORDER ADOPTING REPORT OF MAGISTRATE JUDGE**

    THIS MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. ECF No. 2. On November 27, 2018, Judge White issued a Report of Magistrate Judge recommending that the Court dismiss the complaint. ECF No. 3. Plaintiff filed objections to the Report and a request for clarification on December 26, 2018. ECF No. 4.

    I have considered Judge White's Report and Plaintiff's objections, reviewed the record, and examined the relevant legal authorities. I find Judge White's Report clear, cogent, and compelling.

    Judge White found that "liberally construing the complaint, plaintiff appears to assert a § 1983 claim for malicious prosecution." ECF No. 3 at 4. In Plaintiff's objections, he states he did not intend to make a claim for malicious prosecution and that this inference in the Report was made in error. Plaintiff posits that Judge White was "conflating Plaintiff's pleadings false arrest with the tort of malicious prosecution." ECF No. 4 at 4. However, Judge White found Plaintiff was also asserting a 1983 claim for false arrest, and recommended the court dismiss that claim as time-barred. Therefore, while the Court accepts Plaintiff's allegation that no malicious prosecution claim exists in the Complaint, the issue is without consequence as Judge White also analyzed Plaintiff's claim for false arrest.

    Next, Plaintiff objects to Judge White's finding that Plaintiff's claim for malicious prosecution should be dismissed as frivolous due to Plaintiff's guilty plea, which would "belie

the notion that the state prosecution in question was terminated in his favor." ECF No. 3 at 5. Plaintiff argues this finding was made in error because the conviction was later vacated. ECF No. 4 at 6. However, this point is now moot because Plaintiff has clarified that he is not intending to assert a claim for malicious prosecution.

Finally, Plaintiff objects to Judge White's finding that Plaintiff's claims for false arrest, excessive force, failure to intervene, and deliberate indifference are time-barred. ECF No. 4 at 7. Plaintiff alleges that the defendants entered his residence without probable cause, a search warrant, or plaintiff's consent on August 10, 2006. *Id.* at 8-10. Plaintiff initiated this action on November 16, 2018. "Where Florida is the forum state, § 1983 plaintiffs have four years to file suit." *Moore v. Fed. Bureau of Prisons*, 553 F. App'x 888, 890 (11th Cir. 2014). Therefore, Judge White found the statute of limitations barred Plaintiff's claims.

Plaintiff argues the limitation period should be tolled because "the earliest moment the facts would support a cause of action against defendants would be July 2015, being the date of receipt from Plaintiff's wife of his valid driver's license and credit card evidence." As the Plaintiff filed objections on this issue, and Judge White's report does not address Plaintiff's arguments regarding tolling, the Court will address them now.

The Plaintiff does not dispute that "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397. Therefore, the statute of limitations began to run on August 10, 2006, the date on which Plaintiff was arrested. As Plaintiff filed his complaint on November 16, 2018, more than four years later, Plaintiff claims are time-barred.

Plaintiff argues that the limitations period was tolled until July 2015, pursuant to Florida and Federal law. ECF No. 4 at 8. Upon reviewing this issue *de novo*, the Court disagrees.

The Supreme has stated that it has "generally referred to state law for tolling rules." *Id.* at 394. But Plaintiff has not presented any Florida cases providing tolling in comparable circumstances. Nor do the Florida statutes cited support tolling under these circumstances. *See* ECF No. 4 at 7. Plaintiff claims the limitations period was tolled under section 95.051(g) of the Florida Statutes, which states the running of time under the statute is tolled during "the

2

pendency of any arbitral proceeding pertaining to a dispute that is the subject of the action." Fla. Stat. § 95.051(g) (2018). This statute is inapplicable to this case, as Plaintiff does not contend any dispute that was the subject of his § 1983 claims was submitted to an arbitral proceeding.

Federal law similarly does not provide tolling of the statute of limitations. While Plaintiff argues the time was tolled until after the conviction was called into question, the Supreme Court has rejected such an argument, holding that a limitations period is not tolled until a conviction is set aside. *Wallace*, 549 U.S. at 394. Plaintiff could have filed his claim for false arrest as soon as the arrest occurred on August 10, 2006. He did not plead guilty until October 9, 2009, and he could have filed his complaint at any point before that time. As the Supreme Court has explained, "if a plaintiff files a false-arrest claim before he has been convicted … it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393–94. Therefore, the Court agrees that Plaintiff's claims raised in his complaint are time-barred.

Accordingly, it is **ORDERED and ADJUDGED** that Judge White's Report (ECF No. 3) is **AFFIRMED and ADOPTED**. The Complaint is **DISMISSED**. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 16th day of October 2020.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Patrick A. White, U.S. Magistrate Judge*
*Lisette Reid, U.S. Magistrate Judge*
*John Kalu, pro se*